# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DARYL D. BOCOOK, | : Case No. 2:23-cv-3481 |
| Plaintiff, | : |
| vs. | : District Judge Sarah D. Morrison |
| | : Magistrate Judge Kimberly A. Jolson |
| Dr. Eddie, *et al.*, | : |
| Defendants. | : |

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an Ohio prisoner housed within the Virginia Department of Corrections (VDOC), has filed a *pro se* civil rights action, pursuant to 42 U.S.C. § 1983,[1] against the Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith and ODRC physician Dr. Eddy, alleging the violation of various constitutional rights concerning Plaintiff's confinement within the VDOC.[2]  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is now before the Court for a s*ua sponte* review of Plaintiff's amended complaint (Doc. 8-1) to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation

---

[1] "Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'"  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring).

[2] Defendants' names are misspelled in the Amended Complaint and case caption.  By this Order, the case caption shall be updated to reflect the correct spellings, *i.e.* "Annette Chambers-Smith" and "Dr. Eddy."  *See, e.g., Sorezo v. Harris*, No. 2:23-cv-12098, 2023 WL 5489206, at *1 n.1 (E.D. Mich. Aug. 24, 2023).

Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).[3] This matter is also before the Court on Plaintiff's Objections (Doc. 6) and Motion for an Extension of Time (Doc. 9) relating to the Court's October 23, 2023, Deficiency Order (Doc. 5). Because Plaintiff has now complied with the Court's Deficiency Order, his Objections (Doc. 6) and Motion for an Extension of Time (Doc. 9) are **DENIED as moot**.

## The Amended Complaint

*A.    Legal Standard*

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his amended complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[3] Plaintiff's original complaint was transferred to this Court from the United States District Court for the Western District of Virginia (Doc. 3) and was not made on this Court's official form. Following the Court's October 23, 2023, Deficiency Order (Doc. 5), Plaintiff filed the instant amended complaint. (Doc. 8-1). Plaintiff's amended complaint supersedes the original complaint and is the operative complaint in this matter. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a *pro se* complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a *pro se* complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

B.  Allegations

In the amended complaint, Plaintiff alleges that, in June 2017, he was transferred from Ohio to the VDOC under an interstate compact. (Doc. 8-1 at 5). Plaintiff asserts, without factual development, that the transfer was in retaliation for complaints he made against ODRC official Brian Wittrup. (*Id*.).[4]

---

[4] Plaintiff's allegations in this regard appear to be made in the way of background information. The Undersigned notes that Plaintiff's retaliation claim against Wittrup was previously filed in Case No. 3:16-cv-2291 in this Court's Northern District. The District Court granted Wittrup's motion for summary judgment, which decision was affirmed on appeal. *See Bocook v. Mohr, et al.,* Case No. 3:16-cv-2291 (N.D. Ohio 2022) (Docs. 83, 84, 92). To the extent Plaintiff would seek to relitigate his retaliation claim, such claim appears to be barred by *res judicata* as Plaintiff has previously litigated the same issue against Wittrup in Case No. 3:16-cv-2291. *See, e.g.*, *Theriot v. Woods*, No. 2:18-cv-92, 2019 WL 409507, at *6 (W.D. Mich. Feb. 1, 2019) ("The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented."). The

Plaintiff further alleges that he suffers from nerve damage on his left side. (Doc. 8-1 at 6). Plaintiff asserts that as a result of the nerve damage he has pain and has developed a "drop-foot." (*Id*.). According to Plaintiff, officials at the VDOC have prescribed him pain medication and soft-soled medical shoes to treat the nerve damage. (*Id*.). Plaintiff claims, however, that the "treatments prescribed by the Doctor . . . in Virginia" must first be approved by "Ohio" and that Defendants Chambers-Smith and Eddy have denied them. (*Id*. at 6–7). Additionally, Plaintiff alleges that he suffers from depression, anxiety, and trouble sleeping "due to [his] . . . present circumstances, separation from loved ones, and the violent society [he is] subjected to in prison." (*Id*. at 6). Plaintiff states that his requests for mental health treatment are "ignored or forgotten" and that he has been told that it was "'up to Ohio' whether [he would] get any assistance." (*Id*.).

Additionally, Plaintiff alleges that in the VDOC he has insufficient access to Ohio legal materials and was punished by a $25 fine, as well as the loss of visiting and phone privileges for two years, when he requested medical treatment for his addiction to opiates. (*Id.* at 5–7). Plaintiff alleges that "[i]t is evident" that the medical department at his VDOC prison "revealed [his] request for help to security, which violates [his] right to doctor patient confidentiality." (*Id*. at 6).

Plaintiff seeks monetary damages and injunctive relief. (*Id*. at 8).

C.   Analysis

Liberally construing Plaintiff's amended complaint, *see Erickson*, 551 U.S. 94, the Court understands Plaintiff to bring the following five claims: (1) deliberate indifference to Plaintiff's serious medical need for treatment for his nerve damage in violation of the Eighth Amendment

---

Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

against Defendants Chambers-Smith and Eddy; (2) deliberate indifference to Plaintiff's serious need for mental health treatment in violation of the Eighth Amendment against Defendants Chambers-Smith and Eddy; (3) denial of access to courts in violation of the First Amendment against unnamed VDOC Defendants; (4) cruel and unusual punishment in violation of the Eighth Amendment based on Plaintiff's current conditions of confinement against unnamed VDOC Defendants; and (5) violation of Plaintiff's patient confidentiality against unnamed VDOC Defendants.  (*See* Doc. 8-1).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Court concludes that Plaintiff may proceed for further development at this juncture against Defendants Chambers-Smith and Eddy on his claims that these Defendants have denied Plaintiff approval for needed medical and mental health care at the VDOC in violation of the Eighth Amendment, except to the extent set forth below.[5]  Plaintiff's remaining claims are subject to dismissal for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and  1915A(b).

As an initial matter, any claims against Defendants Chambers-Smith and Eddy in an official capacity must be dismissed to the extent that Plaintiff seeks monetary damages.  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524,

---

[5] The Court advises Plaintiff that this is only a preliminary determination.  The Court has not made a determination as to the merits of the claims being allowed to proceed at this juncture or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, a motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.  *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against Defendants in their official capacities would be, in reality, a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, Defendants Chambers-Smith and Eddy are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages.

Next, Plaintiff's remaining claims concern his alleged inability to access Ohio legal materials, his alleged punishments for requesting help with his opiate addiction, and the alleged disclosure of his confidential patient information at the VDOC. The Court need not address these claims because they are asserted against unnamed VDOC officials. *See Wood v. Reynolds*, No. 3:22-cv-351, 2023 WL 5310094, at *6 n.7 (S.D. Ohio Aug. 17, 2023) ("Because the unnamed officer is not named as a defendant and is not a party to this case, the Court continues to decline to analyze Plaintiff's statements with respect to this non-defendant[.]"). Instead, these claims should be dismissed without prejudice. *See id.* at *2 (dismissing potential claims against unnamed defendants without prejudice).

6

Accordingly, Plaintiff may proceed for further development at this juncture against Defendants Chambers-Smith and Eddy on his claims that these Defendants have denied Plaintiff approval for needed medical and mental health care at the VDOC in violation of the Eighth Amendment, except that any official capacity claims against these Defendants for monetary damages should be dismissed. Plaintiff's remaining claims are subject to dismissal for the reasons set forth above. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Finally, the Court notes that Plaintiff did not properly complete the summons forms submitted with his amended complaint (Doc. 8-3). For example, Plaintiff did not properly list his name and address on the first page of the summons form. (*See* Doc. 8-3 at 1). Plaintiff also did not list an address for Defendant Eddy. (Doc. 8-3 at 3; Doc. 8-4 at 3). As such, Plaintiff must properly complete these forms before the United States Marshal can serve Defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISSES with prejudice** any official capacity claims against Defendants Chambers-Smith and Eddy for monetary damages. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court **DISMISSES without prejudice** Plaintiff's claims against unnamed VDOC defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may proceed for further development at this juncture against Defendants Chambers-Smith and Eddy on his claims that these Defendants have denied Plaintiff approval for needed medical and mental health care at the VDOC in violation of the Eighth Amendment, except that any official capacity claims against these Defendants for monetary damages should be dismissed.

7

2. The Clerk is **DIRECTED** to mail to Plaintiff new summons and United States Marshal forms, as well as a copy of the Pro Se Handbook, which includes guidance for completing service of process forms.  Plaintiff is **ORDERED** to properly complete the summons and United States Marshal forms for Defendants Chambers-Smith and Eddy by **February 16, 2024**.  Once the Court receives the completed forms, the Court will order service of process by the United States Marshal.

4. **Plaintiff SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

5. As indicated in footnote two above, Defendants' names are misspelled in the Amended Complaint and case caption.  The **Clerk** is **DIRECTED** to update the case caption to reflect the correct spellings, *i.e.,* "Annette Chambers-Smith" and "Dr. Eddy."  *See, e.g., Sorezo v. Harris*, No. 2:23-cv-12098, 2023 WL 5489206, at *1 n.1 (E.D. Mich. Aug. 24, 2023).

6. Because Plaintiff has now complied with the Court's October 23, 2023, Deficiency Order, his Objections (Doc. 6) and Motion for Extension of Time (Doc. 9) related to that Order are **DENIED as moot**.

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

8

waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: January 17, 2024                                      */s/ Kimberly A. Jolson*
                                                             KIMBERLY A. JOLSON
                                                             United States Magistrate Judge