UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| DARYL D. BOCOOK, | : | Case No. 2:23-cv-3481 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Kimberly A. Jolson |
| Dr. Eddie, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Ohio prisoner housed within the Virginia Department of Corrections (VDOC), filed an Amended Complaint in January 2024 against Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith and ODRC physician Dr. Eddy. In the Amended Complaint, Plaintiff alleged the violation of various constitutional rights related to his confinement within the VDOC.

On January 17, 2024, the Undersigned screened the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). In the Undersigned's January 17, 2024, Order and Report and Recommendation, the Undersigned permitted Plaintiff to proceed against Defendants Chambers-Smith and Eddy on his claims that these Defendants denied him approval for needed medical and mental health care in violation of the Eighth Amendment, except to the extent that Plaintiff sought to proceed against these Defendants in their official capacities for monetary damages. (Doc. 13 at 5–7). The Undersigned recommended, however, that Plaintiff's remaining claims concerning his alleged inability to access Ohio legal materials, his alleged punishments for requesting help with his opiate addition, and the alleged disclosure of his confidential patient

information, which were asserted against unnamed VDOC officials, be dismissed without prejudice. (*Id*. at 6) (citing *Wood v. Reynolds*, No. 3:22-CV-351, 2023 WL 5310094, at **2, 6 n.7 (S.D. Ohio Aug. 17, 2023) (dismissing potential claims against unnamed defendants without prejudice). The January 17, 2024, Order and Report and Recommendation is currently pending before the District Judge, and Plaintiff has now filed a "Motion to Amend and Revision Claims 3, 4, & 5" (Doc. 22).

"To meet the particularity requirements of [Federal Rule of Civil Procedure] 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'" *Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). Plaintiff has failed to comply with Rule 7(b). His motion to amend does not contain "a complete copy of the proposed [second] amended complaint." *Williams*, 2005 WL 8161971, at *1. To the extent that the motion contains new allegations, those allegations do not appear to be connected to Defendants Chambers-Smith or Eddy. It is unclear from Plaintiff's motion who the proposed Defendants are and whether the proposed new claims would be more properly addressed in a separately filed new civil rights complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (providing that "[u]nrelated claims against different defendants belong in different suits").

**IT IS THEREFORE RECOMMENDED THAT** the Order and Report and Recommendation of January 17, 2024, (Doc. 13) be adopted in its entirety and that Plaintiff's "Motion to Amend and Revision Claims 3, 4, & 5" (Doc. 22) be **DENIED without prejudice.**

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: April 3, 2024  /s/ *Kimberly A. Jolson*
KIMBERLY A. JOLSON
United States Magistrate Judge