**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DARYL D. BOCOOK, | : | Case No. 2:23-cv-3481 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Kimberly A. Jolson |
| Dr. Eddie, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Amend Admittance into Evidence (Doc. 25), which the Court understands to be a new Motion to Amend Plaintiff's Amended Complaint; Plaintiff's Motion for Extension of Time (Doc. 29); and Plaintiff's Motion of Objections to Report and Recommendation (Doc. 30). For the reasons below, it is **RECOMMENDED** that Plaintiff's Motion to Amend (Doc. 25) be **DENIED**. Plaintiff's Motion for Extension of Time (Doc. 29) is **GRANTED in part**, and Plaintiff's Motion of Objections (Doc. 30) is **DENIED as moot**.

**I.     BACKGROUND**

Plaintiff, an Ohio prisoner housed within the Virginia Department of Corrections (VDOC), filed an Amended Complaint in January 2024 against the Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith and ODRC physician Dr. Eddy. (Doc. 12). In the Amended Complaint, Plaintiff alleges the violation of various constitutional rights related to his confinement within the VDOC. (*See id.*).

On January 17, 2024, the Undersigned screened the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). In the January 17, 2024, Order and Report and

Recommendation, the Undersigned permitted Plaintiff to proceed for further development against Defendants Chambers-Smith and Eddy on his claims that these Defendants denied him approval for medical and mental health care in violation of the Eighth Amendment, except to the extent that Plaintiff sought to proceed against these Defendants in their official capacities for monetary damages. (Doc. 13 at 5–7). The Undersigned recommended that Plaintiff's remaining claims against unnamed VDOC officials about his alleged inability to access Ohio legal materials, his alleged punishments for requesting help with his opiate addition, and the alleged disclosure of his confidential patient information be dismissed without prejudice. (*Id*. at 6 (citing *Wood v. Reynolds*, No. 3:22-CV-351, 2023 WL 5310094, at **2, 6 n.7 (S.D. Ohio Aug. 17, 2023)). This Order and Report and Recommendation is currently pending before the District Judge.

Then, Plaintiff filed a Motion to Amend and Revision Claims 3, 4, & 5. (Doc. 22). On April 3, 2024, the Undersigned recommended that Plaintiff's Motion to Amend be denied for failure to meet the particularity requirements of Federal Rule of Civil Procedure 7(b). (Doc. 24). This Order and Report and Recommendation is also pending before the District Judge.

On April 24, 2024, Plaintiff filed a new Motion to Amend. (Doc. 25). A week later, on May 1, 2024, Plaintiff filed a Motion for Extension of Time, requesting sixty additional days to research the Undersigned's Reports and Recommendations. (Doc. 29). Plaintiff also filed a Motion of Objections to Report and Recommendation that included two copies of his previously filed Motions to Amend. (*See* Doc. 30 (containing copies of Docs. 22, 25)). The Undersigned addresses each in turn.

2

## II. DISCUSSION

### A. Motion to Amend

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" before a responsive pleading is served. All further amendments require leave of Court. *See, e.g.*, *Gaasch v. Stoev*, No. 2:09-cv-2270, 2010 WL 11598109, at *2 (W.D. Tenn. Dec. 21, 2010). Because the Court has already allowed Plaintiff to file an Amended Complaint (*see* Doc. 12), leave of Court to amend is now required. *See Gaasch*, 2010 WL 11598109, at *2.

Generally, leave to amend a complaint should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave should be denied, however, where an amendment would be futile—i.e., when the proposed amended complaint would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Kircher v. City of Ypsilanti*, 809 F. App'x 284, 297 (6th Cir. 2020) (citing *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010), and *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005)).

In the instant Motion to Amend, Plaintiff states that he "will show that both the State of Ohio and Virginia are working in concert with one another to punish the Plaintiff for exercising his rights." (Doc. 25 at 2). Plaintiff goes on to reiterate allegations from his initial Amended Complaint that he was improperly found guilty of a VDOC disciplinary charge for "the use of drugs," punished for seeking treatment for his drug addiction, and unfairly fined $25. (*Id.* at 2–3). Plaintiff also alleges "I don't know who's policy I fall under nor what state I belong to." (*Id.* at 3).

As an initial matter, Plaintiff has not included a proposed Amended Complaint with his Motion to Amend in violation of Federal Rule of Civil Procedure 7(b). *See Williams v. Zumbiel*

3

*Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) ("To meet the particularity requirements of [Federal Rule of Civil Procedure] 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'") (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). His Motion to Amend (Doc. 25) should be denied on this basis alone.

Next, the Undersigned previously recommended that any claims in Plaintiff's initial Amended Complaint (Doc. 12) based on the allegedly improper disciplinary proceeding and fine be dismissed without prejudice because they were asserted against unnamed VDOC officials. (*See* Doc. 13 at 6). Plaintiff cannot cure this deficiency by seeking to assert the claims under the guise of an interstate conspiracy claim. Not only are the states of Ohio and Virginia immune from suit, *Johnson v. McCowan*, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021) (Virginia); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998) (Ohio), Plaintiff's conspiracy allegations are utterly conclusory. *See Gutierrez v. Lunch*, 826 F.2d 1534, 1538 (6th Cir. 1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."). Allowing Plaintiff to proceed on his proposed conspiracy claim would therefore be futile.

Further, Plaintiff's claims regarding the allegedly improper VDOC disciplinary hearing and fine are not sufficiently related to the claims against the Ohio Defendants that he has been permitted to proceed on at this juncture for further development. (*See* Doc. 13 at 5,7); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants

4

belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees[.]") (citing 28 U.S.C. § 1915(g)). Therefore, it would also be futile to allow Plaintiff to amend his Complaint to reassert these claims.

Finally, Plaintiff alleges, "I don't know who[se] policy I fall under nor what state I belong to." (Doc. 25 at 3). Plaintiff does not indicate whether he is attempting to bring a new claim or simply providing background information for the Court. To the extent he is seeking to bring a new claim, he has not clearly indicated the nature of his claim or the relief he seeks. Further, to the extent he seeks a general statement as to the policies governing interstate inmates in Virginia, such a claim exceeds the scope of the claims in his initial Amended Complaint. This Court is without authority to render an advisory opinion. *See Golden v. Zwickler,* 394 U.S. 103, 108 (1969). Therefore, Plaintiff's Motion to Amend (Doc. 25) should be **DENIED**.

### B. Motion for Extension of Time

Plaintiff's next Motion requests a sixty-day extension to research the Undersigned's Reports and Recommendations. (Doc. 29 at 1). In other filings, Plaintiff discusses that his mail from this Court is delayed, because it must be processed through a centralized facility in Virginia. (Doc. 30 at 1). But Plaintiff's proposed deadline of June 22, 2024, is too long, considering that the Undersigned's first Report and Recommendation is dated January 17, 2024. (*See* Doc. 13). Therefore, Plaintiff's Motion is **GRANTED in part**. All of Plaintiff's Objections to the Undersigned's Reports and Recommendations (Docs. 13, 24, and this Order and Report and Recommendation) are **due June 3, 2024**. No further extensions will be granted.

5

### C. Motion of Objections

Finally, in his Motion of Objections of Report and Recommendation (Doc. 30), Plaintiff provides copies of his two previously filed Motions to Amend. (*See* Docs. 30-1, 30-2 (containing Docs. 22, 25)). Plaintiff says that copies are attached "as a proper amended motion filed accordingly to Federal Rule of Civil Procedure 7(b)." (Doc. 30 (cleaned up)).

While Plaintiff labels this Motion as "Objections," it appears to be something else for several reasons. First, at the time Plaintiff filed this Motion, the Court had not ruled on his Motion to Amend Admittance Into Evidence (Doc. 25). Therefore, Plaintiff could not object yet. Second, Plaintiff separately moved for an extension of time to research the Reports and Recommendations and to file his "brief." (Doc. 29). Third, Plaintiff cites Rule 7(b), which concerns pleadings, and not Rule 72(b), which governs objections. (Doc. 30, citing Fed. R. Civ. P. 7(b)). Finally, Plaintiff does not substantively address any of the Undersigned's findings and recommendations. (*See generally id.*). Based upon these facts, this Motion seems to be Plaintiff's attempt to comply with Rule 7(b), which requires "a complete copy of the proposed amended complaint" be filed along with a motion to amend, "so that both the Court and opposing parties can understand the exact changes sought." (Doc. 24 at 2 (citing *Williams v. Zumbiel Box & Packaging Co.*, No. 04-cv-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005)).

But instead of providing an amended complaint that outlines clear claims for relief against particular individuals, Plaintiff submits copies of his previously filed motions. (*Compare* Docs. 22, 25 *with* Docs. 30-1, 30-2). So, this Motion provides no additional information beyond what Plaintiff previously filed. Because the Court has already addressed Plaintiff's previous Motions to Amend (Docs. 22, 25), Plaintiff's instant Motion for Objections is **DENIED as moot**.

6

### III. CONCLUSION

The Undersigned **RECOMMENDS** the Orders and Reports and Recommendations of January 17, 2024 (Doc. 13) and April 3, 2024 (Doc. 24) be adopted in full and that Plaintiff's instant Motion to Amend (Doc. 25) be **DENIED**. Plaintiff's Objections to the Undersigned's Reports and Recommendations are **due June 3, 2024**. Finally, Plaintiff's Motion for Objections (Doc. 30) is **DENIED as moot**.

Although he may file his Objections to the Undersigned's Reports and Recommendations as discussed above, Plaintiff is **DIRECTED** to refrain from filing substantive motions in this case until after the Court has had the opportunity to consider and resolve the pending Reports and Recommendations.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b). In this case, because the Court has granted Plaintiff's Motion for an Extension of Time, Plaintiff's objections are due June 3, 2024.

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

7

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: May 7, 2024                                         */s/ Kimberly A. Jolson*
                                                          KIMBERLY A. JOLSON
                                                          United States Magistrate Judge