IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARYL D. BOCOOK,

        **Plaintiff,**

                               **Civil Action 2:23-cv-3481**
    v.                         **Chief District Judge Sarah D. Morrison**
                               **Magistrate Judge Kimberly A. Jolson**

DR. EDDY, et al.,

        **Defendants.**

## REPORT & RECOMMENDATION

Plaintiff's Motion to Withdraw from the Settlement (Doc. 74) is before the Court. Plaintiff would like to withdraw from the Settlement Agreement reached between him and ODRC because he claims that "the state of Ohio has not held up to their end of the Agreement." (*Id.* at 1). He also seeks Leave to Amend his Complaint (Doc. 77). For the following reasons, the Undersigned **RECOMMENDS** that both Motions be **DENIED.**

## I.    BACKGROUND

Plaintiff, an inmate of Virginia Department of Corrections (the "Virginia Facility"), filed this case in 2023 against Ohio Department of Rehabilitation and Corrections (ODRC) and other Defendants for failing to provide adequate care. (Doc. 1). On a screen, the Court dismissed all of Plaintiff's claims against all Defendants, except for his Eighth Amendment Deliberate Indifference claim asserted against ODRC. (Docs. 13, 39). Plaintiff and ODRC then reached a settlement agreement ("the Agreement"), and agreed to dismiss the remaining claim with prejudice. (Doc. 73). Over six months later, Plaintiff filed a Motion seeking to withdraw from the Agreement. (Doc. 77).

Plaintiff argues that ODRC breached the Agreement, so the Agreement should be vacated entirely, and the case should move forward with litigation. (Doc. 74 at 2 ("Let's just move

forward"); Doc. 76 at 5 ("I would hope that this court will take this matter under great consideration and hear this case.")). Because Plaintiff seeks to set aside the consent judgment, the Undersigned **CONSTRUES** Plaintiff's Motion as one for relief under Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6); *United States v. City of Eastpointe*, No. 17-CV-10079, 2020 WL 127953, at *1 (E.D. Mich. Jan. 10, 2020) ("Because the primary relief Timmon seeks appears to be setting aside the consent decree, the Court construes her motion as one for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure."); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 313 (6th Cir. 2000) (construing plaintiff's motion to enforce settlement as 60(b) motion where plaintiff seeks "a determination that the Township is in breach of the settlement agreement and an order compelling the Township to proceed immediately with the bond sale"); This Motion is ripe for consideration. (Docs. 75, 76).

Perhaps hoping to get an early start on litigation, Plaintiff filed a Motion to Amend his Complaint. (Doc. 77). In it, Plaintiff attaches a new complaint against all original Defendants, asserting Due Process violations, legal mail violations, fraud, and retaliation. (*Id.*). This Motion is also ready for consideration.

## II.    STANDARD

Two Rules of Civil Procedure matter here. First, under Rule 60(b), a party may seek relief from a judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence
> (3) fraud ..., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

2

Fed. R. Civ. P. 60(b).  The Sixth Circuit has articulated that "[c]ourts must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more must include unusual and extreme situations where principles of equity mandate relief." *Ford Motor Co. v. Mustangs Unlimited, Inc. (Ford Motor I)*, 487 F.3d 465, 468 (6th Cir.2007); *see also CJPS Healthcare Supplies & Equip. v. Ansar Med. Techs., Inc.*, No. 12-CV-14885, 2014 WL 3708612, at *5 (E.D. Mich. July 28, 2014).  Thus, a mere breach of a settlement agreement is not sufficient justification to mandate relief under 60(b)(6), absent exceptional and extraordinary circumstances. *Id.*  Instead, a plaintiff alleging the defendant failed to meet their end of the deal must prove one of the following "exceptional and extraordinary circumstances" to receive relief from judgment: "(i) the defendant's confusion as to the operation of the consent judgment; (ii) the defendant's 'substantial and continuing disregard for the bargain struck between the parties;' and (iii) the fact that the defendant's conduct and post-hoc excuses for non-compliance constituted 'a repudiation of important terms of the Consent Agreement.'"  *CJPS Healthcare Supplies & Equip.*, 2014 WL 3708612, at *6  (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc. (Ford Motor II),* No. 99–cv–73933, 2007 WL 2584502, at *7–8 (E.D. Mich. Sept. 7, 2007)).

Second, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires."   This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated

3

failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    DISCUSSION

The Court addresses the two Motions separately.

#### A.    Motion to Withdraw from Settlement

As noted, Plaintiff wants relief from judgment because of an alleged breach of the Agreement. Breaching a settlement agreement does not constitute any of the enumerated reasons for relief from judgment under 60(b)(1)–(5). And courts have held that breach of a settlement agreement alone does not otherwise constitute justification for relief under Rule 60(b)(6)'s exceptional-circumstance requirement. *G.G. Marck & Assoc., Inc. v. North Am. Investments*, Corp., 465 F. App'x 515, 517 (6th Cir. 2012) ("A breach of a settlement agreement does not meet the exceptional-circumstances requirement of Rule 60(b)(6)."). Instead, the breach must present an "unusual and extreme situation," where equitable principles mandate relief. *Ford Motor I*, 487 F.3d at 468.

Plaintiff has not met that high bar here. He has failed to demonstrate that ODRC expressed an unwillingness to fulfill its obligations or that it showed "substantial and continuing disregard for the bargain struck" between the parties. *See Ford Motor II*, 2007 WL 2584502, at *7. Rather, the record demonstrates that ODRC has made consistent efforts to follow through with the Agreement and has not expressed any intent to go back on its word.

The Agreement states, in relevant part:

1. Plaintiff agrees to dismiss with prejudice *Bocook v. Dr. Eddy*, et al., Case No. 2:23-cv-3481. \*\*\*

2. In consideration of Plaintiffs release of all claims as further set forth in Section III of this Agreement, ODRC shall make its best efforts to ensure that Plaintiff

continues to receive ongoing medical and mental health treatment in accordance with existing Virginia Department of Corrections policies until Plaintiff is discharged from treatment.

3. ODRC shall make its best efforts to ensure that Plaintiff receive a phone call with his Mother, despite Plaintiff currently being on phone restrictions.

(Doc. 75-1 at 3).

### 1. Term Two: Ensure Plaintiff Receives Physical and Mental Health Treatment

Plaintiff asserts ODRC did not fulfill its requirement to "ensure that Plaintiff continues to receive ongoing medical and mental health treatment in accordance with existing Virginia Department of Corrections policies." (Doc. 75-1 at 3). Specifically, Plaintiff says he has not received proper shoes, dental care, or mental health treatment. (Doc. 74 at 2). Looking at each allegation, Plaintiff has not met his burden of proof.

### a. Orthopedic Shoes

Plaintiff first claims he "need[s] shoes to wear" for his nerve damage and "Drop-Foot." (*Id.*; *see also* Doc. 12 at 6 (describing his medical condition)). Plaintiff brings no evidence that ODRC failed to make sure he had the proper medical shoes. On the other hand, ODRC represents that Plaintiff was prescribed two custom shoes and was scheduled to visit an offsite clinic on February 3, 2026, and again in March. (Doc. 75 at 3). It supports this statement with proof of Plaintiff's prescription and referral to the clinic. (Doc. 75-1 at 11–13 (documenting Plaintiff's two prescriptions for orthotic shoes and his referral to Hanger Clinic)). Plaintiff states in his reply that his shoes have worn out, but he does not dispute his upcoming appointment or his referral. (Doc. 76 at 2 (noting only the orthopedic shoes have worn out)). For these reasons, Plaintiff has not demonstrated that ODRC disregarded this term as it applied to his footwear.

### b.    Dental Care

Plaintiff says ODRC has not provided sufficient dental care as required under the Agreement.  (Doc. 74 at 2).  Defendants say Plaintiff saw a dentist on February 5, 2025, and is on the list for routine examinations.  (Doc. 75-1 at 11–13).  Though Plaintiff does not have an exact date for his next appointment—by virtue of an examination backlog—Defendants say he may request urgent care if needed.  (*Id.*).  Importantly, Plaintiff does not dispute that he received this initial dental treatment (Doc. 76 at 3 (noting he received dental treatment on February 5, 2025)). Nor does he state that ODRC has failed to ensure he received additional dental care in accordance with the Virginia facility's policy.  In fact, Plaintiff says that he is receiving dental care in accordance with that procedure.  He simply dislikes the Virginia dental policy.  (Doc. 76 at 3 claiming the policy is "wait you out so that they can just pull your teeth" and complaining that his "the nerves are exposed and now it cannot be fixed it has to be pulled, and the other tooth has had its filling fall out for a year and they are going to try and wait me out on that one too").

On this record, Undersigned cannot find that ODRC failed to ensure Plaintiff received dental care in compliance with the Virginia facility's policy.

### c.    Mental Health

Plaintiff then says ODRC failed to comply with the Agreement because his mental health "is in bad shape," and that "they don't take my mental health serious in this state."  (Doc. 74 at 2; Doc. 76 at 3).  Plaintiff provides little support.  At best, Plaintiff says in his reply that his mental health provider has "made appointments" but has not shown up for them.  (Doc. 76 at 3).  The Undersigned does not find that a Virginia therapist's supposed failure to attend appointments she scheduled constitutes clear and convincing evidence that ODRC was unwilling to comply with this part of the Agreement.  Even more, Plaintiff fails to state whether he has requested any appointments with a psychologist himself.  As ODRC makes clear, if Plaintiff wishes to seek

mental health treatment beyond that of his psychiatrist, he can submit a request to be seen by a mental health provider through the Virginia facility—but he has not done so. (*Id.* at 3–4). It is clear from this record that ODRC has made appointments available for Plaintiff and has done their part to ensure he receives mental health treatment.

As it stands, Plaintiff has not demonstrated that ODRC substantially and continuously disregarded its obligation to make its "best efforts to ensure that Plaintiff continues to receive ongoing medical and mental health treatment in accordance with existing Virginia Department of Corrections policies." (Doc. 75-1 at 3).

### 2. Term Three: Ensuring Visits with Mother

The Undersigned now turns to Term Three: "ODRC shall make its best efforts to ensure that Plaintiff receive a phone call with his Mother, despite Plaintiff currently being on phone restrictions." (Doc. 75-1 at 3). Plaintiff claims he has not seen his mother in twelve years, despite this provision. (Doc. 74 at 2). Here too, Plaintiff has not met his burden of proof. On the contrary, ODRC asserts Plaintiff has been approved to have a special video visit with his mother, who lives in a nursing home, and that Plaintiff may make these virtual visits by coordinating the call with his case manager and sister. (*Id.* at 4). Plaintiff does not dispute this and instead argues that he should not have to make these arrangements himself because he signed the Agreement with Ohio and not his family members. (Doc. 76 at 3). But the Agreement mandates that ODRC make best efforts to ensure his phone visit is available to him—it does not require them to coordinate the phone call on Plaintiff's behalf. (Doc. 75-1 at 3). On this record, Plaintiff has not demonstrated that ODRC has disregarded this obligation.

*****

In sum, Plaintiff has not shown that ODRC repudiated on its end of the deal, nor has he demonstrated that ODRC engaged in "substantial and continuing disregard for the bargain struck" between the parties. *Ford Motor II*, 2007 WL 2584502, at *7. The Undersigned therefore **RECOMMENDS** that Plaintiff's Motion to Withdraw from Settlement (Doc. 74) be **DENIED.**

### B.      Motion to Amend

Next, Plaintiff submits a Motion for Leave to Amend his Complaint. (Doc. 77). It is apparent that in light of Plaintiff's Motion to seek relief from the consent judgment (Doc. 74), Plaintiff seeks to reassert claims against Defendants. But upon review, Plaintiff's proposed amendment is actually a new complaint asserting claims he did not put forth in this case. (*Compare* Doc. 13 at. 4–5 (construing Plaintiff's claims as one for Eighth Amendment Deliberate indifference, denial of access to courts in violation of the First Amendment, cruel and unusual punishment, and violation of confidentiality) *with* Doc. 77 at 3 (seeking relief for fraud, legal mail violations and due process violations)). In his proposed amendment, Plaintiff seeks to sue the same Defendants for fraud, legal mail violations and due process violations. (Doc. 77). He also claims ODRC "is retaliating on the plaintiff by withholding him from his family, his support system and using [t]his interstate compact agreement as a weaponized tactic against the plaintiff." (*Id.* at 3–4). The Undersigned finds no basis to allow Plaintiff to file such new causes of action in an old, unrelated case. Should Plaintiff wish to sue the Defendants for the claims, Plaintiff should file this complaint as a separate case.

To the extent Plaintiff's amended complaint seeks to revive or amend claims previously dismissed with prejudice, such an attempt is similarly unavailing. "The Sixth Circuit has held that where a plaintiff stipulates to dismissal of certain claims with prejudice, she is forbidden from later attempting to amend her complaint to include the dismissed claims, even where she has discovered

new evidence to support her claims." *Mostoller v. Gen. Elec. Co.*, No. 2:06-CV-668, 2009 WL 3854227, at *2 (S.D. Ohio Nov. 17, 2009) (citing *Baker v. City of Detroit*, 217 Fed.Appx. 491, 497 (6th Cir.2007) ("[T]he district court did not abuse its discretion in requiring that the plaintiff . . . abide by the very conditions to which she agreed.")). This case has settled, all of Plaintiff's claims here have been dismissed with prejudice (Doc. 73), and Plaintiff may not bring these claims again.

Even more, to allow Plaintiff to revive his claims against the same Defendants—all of whom have been dismissed from this case in one way or another—would amount to severe hardship against these parties. *Aubrey v. Ameritech Mobile Commc'ns, Inc.*, No. 00-75080, 2002 WL 32521813, at *5 (E.D. Mich. June 17, 2002) ("To permit him to reinstitute this case through the process of amending the Complaint after it has been dismissed would work a serious hardship against, and unduly prejudice, the Defendant."). Not to mention that allowing such an amendment at this late, post-settlement stage would also prejudice Defendants. *Hipple v. Matrix Absence Mgmt., Inc.*, No. 13-CV-11059, 2014 WL 3900579, at *2 (E.D. Mich. Aug. 11, 2014) ("Allowing amendment at this time—after the parties have settled the sole cause of action in Hipple's Complaint—would cause substantial prejudice to Defendants Matrix, Denso, and the Plan.").

It is therefore **RECOMMENDED** that Plaintiff's Motion for Leave to Amend (Doc. 77) be **DENIED.** Again, should Plaintiff wish to file new claims, he should do so by filing a separate case.

## IV.     CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Withdraw from Settlement (Doc. 74) be **DENIED.** It is further **RECOMMENDED** Plaintiff's Motion for Leave to Amend (Doc. 77) be **DENIED.**

IT IS SO RECOMMENDED.

9

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: February 26, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

10