# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DARYL D. BOCOOK,**

      **Plaintiff,**        :

   **v.**                            **Case No. 2:23-cv-3481**
                                      **Chief Judge Sarah D. Morrison**
                                        **Magistrate Judge Kim A. Jolson**

**DR. EDDY,** *et al.*,           :

      **Defendants.**

## ORDER

Daryl D. Bocook filed this action *pro se* against the Ohio Department of Rehabilitation and Corrections ("ODRC") and several other Defendants alleging that they failed to provide him adequate care. He is an Ohio prisoner housed within the Virginia Department of Corrections.

After Mr. Bocook filed a Motion for Settlement Agreement (ECF No. 54), he had a phone conference with defense counsel during which the parties agreed that they were close to resolving the case and requested a mediator be assigned to finalize a settlement (ECF No. 56). Based on the representations of the parties, the Court assigned a volunteer mediator and ordered the parties to mediate. (ECF No. 57.) Mr. Bocook and ODRC reached a settlement agreement ("the Agreement"), and the case was dismissed with prejudice on August 4, 2025. (ECF No. 73.)

However, Mr. Bocook has now filed a "Motion to Withdraw Settlement Agreement" (ECF No. 74) and a Motion for Leave to Amend the Complaint (ECF No. 77).

This case is now before the Court on the Report and Recommendation of the Magistrate Judge recommending that both of Mr. Bocook's motions be denied (R&R, ECF No. 79) and Mr. Bocook's Objections to the same (Objs., ECF No. 80).

## I.   Objections to the R&R

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R in its entirety and has also considered Mr. Bocook's motions, papers, and objections.

Starting with Mr. Bocook's desire to withdraw the Agreement, the Magistrate Judge concluded that he had "not shown that ODRC repudiated on its end of the deal, nor has he demonstrated that ODRC engaged in 'substantial and continuing disregard for the bargain struck' between the parties." (R&R, PAGEID# 785.) In response to this conclusion, Mr. Bocook's Objections only repeat previous grievances, providing no evidence to support his allegations that ODRC has not complied with the Agreement. Mr. Bocook's objections to the R&R regarding his Motion to Withdraw are **OVERRULED**.

Turning to his Motion to Amend, the Magistrate Judge recommended that Mr. Bocook's motion be denied because his "proposed amendment is actually a new

complaint asserting claims he did not put forth in this case." (R&R, PAGEID# 785.)

Mr. Bocook does not dispute this finding. (*See generally* Objs.) Accordingly, Mr.

Bocock's objections to the R&R regarding his Motion to Amend are **OVERRULED**.

## II.     Conclusion

Mr. Bocook's Objections are **OVERRULED**. (ECF No. 80.) The Report and

Recommendation (ECF No. 79) is **ADOPTED** and **AFFIRMED**.

Mr. Bocook is again advised that, if he wishes to file new claims, he should do

so by filing a separate case.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison

**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3